Brent Dorian Brehm – SBN 248983
  E-mail: bbrehm@kantorlaw.net
Glenn R. Kantor – SBN 122643
  E-mail: gkantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone:  (818) 886-2525
Facsimile:   (818) 350-6272

Attorneys for Plaintiff,
THIEN HO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION (SANTA ANA)

| | |
|---|---|
| THIEN HO,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA; MSA WORLDWIDE, LLC LTD PLAN,<br><br>　　　　Defendants. | CASE NO:<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PRE-JUDGMENT AND POST-JUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, Thien Ho, herein sets forth the allegations of his Complaint against Defendants Unum Life Insurance Company of America ("Unum") and MSA Worldwide, LLC LTD (the "Plan").

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action

involves a federal question. This action is brought for the purpose of recovering benefits, enforcing Plaintiff's rights, and to clarify Plaintiff's rights to future benefits under the employee benefit plan named as Defendant. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and postjudgment interest, reinstatement to the benefit plans at issue herein, and attorneys' fees and costs.

2. Plaintiff was, at all times relevant, an employee of MSA Worldwide, LLC, and a resident of Orange County, California.

3. Plaintiff is informed and believes that Defendant Unum is a corporation with its principal place of business in the State of Maine, authorized to transact and transacting business in the Central District of California, and can be found in the Central District of California. Plaintiff is informed and believes that his employer's Plan was funded in whole or in part via the purchase of an insurance policy from Unum. Unum is the insurer of all or some portion of benefits under the Plan. Unum administered the claim, interpreted Plan terms, and issued a claim denial, all while operating under a conflict of interest; and the bias this created adversely affected the claims determination.

4. Plaintiff is informed and believes that Unum identifies the group policy it issued to MSA Worldwide, LLC, as Policy No. 214229 (the "Policy"). Plaintiff is informed and believes that Unum intended that the subject Policy would result in coverage being provided to residents of the State of California. Plaintiff is informed and believes that the Policy was issued, amended, or renewed on or after January 1, 2012, and has an annual ERISA Plan year anniversary date that ends December 31.

5. Plaintiff is further informed and believes that the Policy has remained in effect since its inception, and was renewed or amended on or after January 1, 2012.

6. Plaintiff is informed and believes that Defendant Plan is an employee welfare benefit plan regulated by ERISA, established by MSA Worldwide, LLC,

under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to benefits. Pursuant to the terms and conditions of the Plan, Plaintiff is entitled to long-term disability ("LTD") benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as required under the terms of the Plan. The Plan is doing business in this judicial district, in that it covers employees residing in this judicial district.

7. Defendants can be found in this judicial district and the Defendant Plan is administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

**FIRST CLAIM FOR RELIEF**
**AGAINST DEFENDANTS UNUM LIFE INSURANCE COMPANY OF AMERICA AND MSA WORLDWIDE, LLC LTD FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PRE-JUDGMENT AND POST-JUDGMENT INTEREST, AND ATTORNEYS' FEES AND COSTS**
**(29 U.S.C. § 1132(a)(1)(B))**

8. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

9. At all times relevant, Plaintiff was employed by MSA Worldwide, LLC, and was a covered participant under the terms and conditions of the Plan.

10. During the course of Plaintiff's employment with MSA Worldwide, LLC, Plaintiff became entitled to benefits under the terms and conditions of the Plan. Specifically, while Plaintiff was covered under the Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the Plan. Plaintiff ceased work on or about June 6, 2016.

11. Pursuant to the terms of the Plan, Plaintiff made a claim to Unum. Unum processed his and LTD benefit claim, assigning his claim number 12935671. However, Unum determined that Plaintiff was not disabled under the Plan, and denied his claim for LTD benefits. Plaintiff submitted a timely appeal of the termination of his benefits. Despite overwhelming evidence of a covered LTD claim, by letter dated January 8, 2018, Unum erroneously and wrongfully upheld its prior determination denying Plaintiff's claim for LTD benefits, thereby exhausting his administrative remedies. Defendants Unum and the Plan breached the Plan and violated ERISA in the following respects:

(a) They failed to pay LTD benefit payments to Plaintiff at a time when Unum and the Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though the Plan and Unum had such knowledge, Unum denied Plaintiff's LTD benefits;

(b) They failed to provide a prompt and reasonable explanation of the basis relied on under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the effective denial of Plaintiff's claims for LTD benefits;

(c) After Plaintiff's claim was effectively denied, Unum failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect his claim along with an explanation of why such material is or was necessary;

(d) They concealed and withheld from Plaintiff the notice requirements Unum and the Plan were required to provide Plaintiff pursuant to ERISA and the regulations promulgated thereunder, particularly Code of Federal Regulations § 2560.503-1(f)-(g), inclusive; and

(e) They failed to properly and adequately investigate the merits of Plaintiff's disability claim and failed to provide a full and fair review of Plaintiff's claim.

12. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied his disability benefits under the Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

13. Following the denial of benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Plan.

14. As a proximate result of the aforementioned wrongful conduct of the Plan and Unum, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

15. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

16. The wrongful conduct of the Plan and Unum has created uncertainty where none should exist, therefore Plaintiff is entitled to enforce his rights under the terms of the Plan and to clarify his right to future benefits under the terms of the Plan.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the Plan for so long as

Plaintiff remains disabled under the terms of the Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: February 1, 2018        KANTOR & KANTOR, LLP

By:   /s/ *Brent Dorian Brehm*
      Brent Dorian Brehm
      Attorneys for Plaintiff
      THIEN HO